Pütnam J.
delivered the opinion of the Court. We cannot admit the correctness of the defendant’s argument, that damages for the breach of the covenant in the lifetime of the intestate, and which continued after his death, may not be recovered in this action. The case of Wells v. Betts, 10 East, 316, is decisive upon the point. The whole damage sustained by the plaintiffs from the breach of the covenant of the intestate, becomes a debt against his estate, for which the defendant is answerable as administrator. This point however was not much pressed.
But it is contended, that the award or report of the committee assessing the damages, is incorrect, inasmuch as they have assessed interest upon the sum found for damages. But upon inspecting the award, it will appear that the interest is allowed as a portion of the damages ; and we do not perceive that there is any legal objection to that course. The question to be decided was, how great damages the plaintiffs were entitled to recover. The committee ascertain, that from the time of the breach up to the date of the writ, the damages amount *430 ed to $ 666-64. But the money was not paid then to the plaintiffs. The interest was added as additional damages upon the sum so found due, up to the time of making their award. We are satisfied that this was a correct' mode of ascertaining damages which the plaintiffs had then sustained. But it all sounds in damages. Putting the two sums together, the committee say they amount to $793-20 “ which they award in damages ” to the plaintiffs. The committee might have found that sum without stating the mode or rule which they adopted in ascertaining the same. But when they give the particulars of their estimates, and there appears nothing inequitable or unjust in them, it cannot vitiate their conclusion. Vide the case cited in Bigelow’s Dig. Covenant K, 25, 29. It would be a good and valid finding of the jury. If it would not, we should reject the award ; for we think it clear that the committee had no more power over the question of damages than a jury would have had. But it is a settled rule, that where there is a breach of a covenant of warranty, and there has been an ouster, the measure of the damages shall be the value at the time of eviction, with interest. But the interest is allowed as part of the damages. Big. Dig. ubi supr.
The opinion of the Court is, that the award of the committee shall be accepted, and that judgment shall be rendered thereon for the sum found to be due as aforesaid, viz. $793.20, and interest upon the same from the time when the award was made, to the present time, as additional damages during the oending of the defendant’s exceptions to the award, together with costs of reference and costs of court.